UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>    v.<br><br>DEREK T. GONZALES,<br><br>                  Defendant. | CASE NO. CR18-5489 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION TO SEVER COUNTS |

This matter comes before the Court on Defendant Derek Gonzales's motion to sever counts. Dkt. 70. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I.    FACTUAL & PROCEDURAL BACKGROUND**

Gonzales is charged by indictment with one count of sexually abusing Jane Doe 2 by placing her in fear in April 2017 (Count 1); one count of abusive sexual contact involving Jane Doe 2 in May 2017 (Count 2); one count of sexually abusing Jane Doe 2, who was allegedly incapable of communicating unwillingness to engage in the act in May 2017 (Count 3); and one count of sexually abusing Jane Doe 1 by placing her in fear

ORDER - 1

in July 2018 (Count 4). Dkt. 17. Jane Doe 1 and Jane Doe 2 are sisters who, at the time the offensive conduct occurred in 2017 and 2018, were residing on the Makah Indian Reservation. *See* Dkt 140 at 2. The victims and Gonzales are cousins, and Gonzales would often spend time at the victims' home, including staying overnight so that Gonzales could provide protection for the victims while their parents were not home.

The Government alleges that in the Spring of 2017, Gonzales sexually assaulted Jane Doe 2 in the middle of the night on three separate occasions. Jane Doe 2 was 15 years old and Gonzales was 18 years old at the time. The Government further alleges that, approximately fourteen months later in August 2018, Gonzales sexually assaulted Jane Doe 1 in the middle of the night.

On August 8, 2019, Gonzales filed the instant motion to sever Count 4 related to the accused sexual assault of Jane Doe 1 from the Counts related to Jane Doe 2.[1] Dkt. 70. After a stipulated stay of the briefing, on January 29, 2021, the Government timely responded, Dkt. 140, and filed a motion for leave to file overlength briefing, Dkt. 139. On February 19, 2021, Gonzales replied, Dkt. 141, and filed a motion to seal, Dkt. 142.[2]

## II.  DISCUSSION

The Federal Rules of Criminal Procedure provide that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any

---

[1] On the same day, Gonzales also filed a motion to suppress and dismiss. Dkt. 73. A separate order on that motion will follow after an evidentiary hearing.

[2] The Government's unopposed motion for leave to file overlength briefing and Gonzales's unopposed motion to seal are **GRANTED.**

ORDER - 2

other relief that justice requires." Fed. R. Crim. P. 14(a). A court should sever charges "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Specifically, "[t]he test is whether joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." *United States v. Brashier*, 548 F.2d 1315, 1323 (9th Cir. 1976). The burden is on the defendant to demonstrate clear, manifest, or undue prejudice because of joinder. *See United States v. Adler*, 879 F.2d 491, 497 (9th Cir. 1988). When evidence would be cross-admissible in separate trials, there is no prejudice in failing to sever counts. *See, e.g.*, *United States v. Johnson*, 820 F.2d 1065, 1070 (9th Cir. 1987) ("If all of the evidence of the separate count would be admissible upon severance, prejudice is not heightened by joinder.").

        Gonzales argues that Count 4 should be severed from the remaining charges for two reasons. First, he argues the counts should be severed because the counts pertaining to both Jane Doe 1 and Jane Doe 2 "depend upon the jury's view of each witness's credibility" as the Government has "located no evidence corroborating either alleged victim's account[.]" Dkt. 70 at 4. Second, he argues that severance is warranted because a joint trial will influence his decision whether to exercise his rights to testify in his own defense or to remain silent. *Id.* (citation omitted).

        The Government counters that the joinder of Count 4 with the remaining counts is not manifestly prejudicial because evidence related to the sexual assault of Jane Doe 1 and Jane Doe 2 would be admissible in separate trials pursuant to Federal Rule of

Evidence 413, pursuant to Federal Rule of Evidence 404(b), or pursuant to both. Dkt. 140 at 10. It further asserts that any potential prejudice to Gonzales in having the counts joined in the same trial can be cured through "less drastic means, including limiting instructions." *Id.*

A.  **Cross-Admissibility of Evidence**

If evidence of one count would be admissible in the trial of another count, the Court will not sever the two counts for trial because trying the counts together is not unfairly prejudicial and preserves judicial resources. *Johnson*, 820 F.2d at 1070. The evidence relating to Count 4 would be admissible in a severed trial for Counts 1 through 3, and vice versa, pursuant to the below Rule 413 and Rule 404(b) analysis.

The Government argues that the evidence of the alleged sexual abuse of one sister would be admissible in the trial of the other under Rule 413 or Rule 404(b) (or both) even if the Court were to sever the counts involving Jane Doe 1 from the counts involving Jane Doe 2 for separate trials. Because the evidence is cross-admissible, the Government asserts that the joinder of Count 4 with the remaining charges is not so "manifestly prejudicial" to warrant severance.

Gonzales, on the other hand, argues that "there is a substantial risk of prejudice warranting severance when the evidence of one of the joined crimes is particularly weak." Dkt. 70 at 3 (citing *United States v. Ragghianti*, 527 F.2d 586, 587 (9th Cir. 1975) (internal citation omitted)). He asserts that Jane Doe 2's "vague, unsupported, and incredible testimony" gains credibility only through association with Jane Doe 1's testimony and allegations. *Id.* at 4. Gonzales emphasizes that the Government is not

seeking to admit evidence of another conviction of sexual assault and that the evidence is "highly suspect allegations, unsupported by any corroboration, from a person known to accuse falsely." Dkt. 141 at 2.

The Court disagrees with Gonzales. Nothing in the briefing suggests that the Government has a particularly weak case regarding Jane Doe 1 or Jane Doe 2 or that would lead the Court to the conclusion that the evidence is highly suspect. Additionally, Gonzales asserts that Jane Doe 2 publicly accused a sergeant of the Neah Bay police force of molesting her during a routine pat down. But the Court cannot draw the conclusion that Jane Doe 2 is "known" to falsely accuse others of sexual assault or molestation based on an unproven allegation. The Court now turns to the Government's argument that the counts should be not be severed because evidence is cross-admissible.

Rule 413 provides that "[i]n a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault." Fed. R. Evid. 413(a). While Rule 413 creates a presumption in favor of admissibility, the Rule is not a "blank check" for admission. *United States v. Sioux*, 362 F.3d 1241, 1244 (9th Cir. 2004) (citations omitted). Pursuant to Rule 413, the proffered evidence is admissible only if (1) the defendant is accused of an offense of sexual assault, (2) the proffered evidence relates to the commission of another offense of sexual assault, and (3) the proffered evidence is relevant. *See Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000) (citation omitted).[3] Gonzales is accused of four offenses

---

[3] Although *Glanzer* interpreted Federal Rule of Evidence 415, "[d]ue to the striking similarities between [Rule 413, 414, and 415], and the fact that they are *in pari materia*," courts

of sexual assault—three against Jane Doe 2 and one against Jane Doe 1.[4] The Court will therefore only examine the second and third factors.

Here, the proffered evidence of either victim's testimony relates to the commission of another offense of sexual assault. The Rule clearly allows evidence of other alleged sexual assaults to be introduced at a criminal trial involving allegations of sexual assault and allows for the admission of evidence that the defendant committed *any* other sexual assault. Rule 413 does not limit admissibility to only convictions of sexual assault. *See United States v. LeMay*, 260 F.3d 1018, 1029 (9th Cir. 2001). ("[W]e do not suggest that district courts may *only* introduce prior acts of [sexual assault] for which a defendant has been tried and found guilty . . . .").

Furthermore, the proffered testimonial evidence would be relevant at a severed trial. Rule 413 is an exception to the general ban on propensity evidence, and evidence of other sexual assaults is admissible to prove a defendant's propensity to commit the charged sexual assault. *See Sioux*, 362 F.3d at 1244. For example, Jane Doe 1's testimony about her sexual assault is relevant to proving Jane Doe 2's assault because it can be used to show that Gonzales has a propensity to commit this kind of assault. The evidence may also be relevant to show Gonzales's opportunity, intent, plan, or modus operandi. The

---

in this Circuit "follow[ ] decisions interpreting each of these rules individually in cases interpreting their companions." *See, e.g.*, *Sioux*, 362 F.3d at 1244 n.4 (citations omitted).

[4] Rule 413 defines sexual assault as a crime under federal or state law involving, *inter alia*, "contact, without consent, between any part of the defendant's body – or an object – and another person's genitals or anus" or "contact, without consent, between the defendant's genitals or anus and any part of another person's body." Fed. R. Evid. 413(d).

proffered testimonial evidence of Jane Doe 1 and Jane Doe 2 is therefore relevant and admissible pursuant to Rule 413.

But before evidence may be admitted under Rule 413, the Court must apply the balancing test set forth in Federal Rule of Evidence 403. *See LeMay*, 260 F.3d at 1026–27. Rule 403 provides that relevant evidence may be excluded, among other reasons, if "its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. In conducting Rule 403 analysis for sexual assault propensity evidence, a court should consider "the similarity of the prior acts to the acts charged, . . . the closeness in time of the prior acts to the acts charged, the frequency of the prior acts, the presence or lack of intervening circumstances, and the necessity of that evidence beyond the testimonies already offered at trial." *Glanzer*, 232 F.3d at 1268 (internal citations omitted).

The Rule 403 analysis sides in favor of admissibility here. The alleged acts are temporally proximate—the abuse alleged in Count 4 occurred less than fifteen months after the abuse alleged in Counts 1, 2, and 3. *Cf. LeMay*, 260 F.3d at 1029 (finding an eleven-year time lapse between sexual assaults was not too far apart under Rule 414). The circumstances of Jane Doe 1's assault and Jane Doe 2's assaults are also similar in nature—all allegedly occurring in the victims' home at night while Gonzales was staying over—and there appears to be a lack of intervening circumstances. The prejudice Gonzales raises is not so unfair or manifest. Indeed, the prejudice can be resolved either through attacking the credibility of either victim through cross-examination or through limiting instructions. The Court is not convinced at this stage that the evidence for Counts

1 through 3 and the evidence for Count 4 will be so complex that the jury will not be able to properly compartmentalize and weigh the appropriate evidence.

Additionally, the testimonial evidence relating to Count 4 would be admissible in a separate trial pursuant to Rule 404(b). Under Rule 404(b), "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ." As discussed above, the nature of the alleged assaults of the two victims is striking similar. The Court thus agrees with the Government that evidence relating to Gonzales's sexual assault of Jane Doe 1 and Jane Doe 2 would be admissible under Rule 404(b) to show his opportunity, intent, plan, or *modus operandi*. *See* Dkt. 140 at 10.

Under Rule 413 and Rule 404(b), Jane Doe 1 and Jane Doe 2's testimony would be cross-admissible if the Court were to sever Count 4 for a separate trial. Therefore, because the evidence is cross-admissible, the prejudice is not so severe to warrant severance.

**B.    Fifth Amendment & Sixth Amendment Concerns**

Gonzales additionally argues that severance is warranted because he "will face conflict and pressure regarding whether to exercise his rights to testify in his own defense or to remain silent." Dkt. 70 at 4 (internal citation omitted). He asserts that there would be an "unfavorable appearance of testifying on one charge while remaining silent on another" and that he would be confronted with a dilemma in deciding "whether, by

remaining silent, to lose the benefit of vital testimony on one count, rather than risk the prejudice (as to either or both counts) that would result from testifying on the other." *Id.* at 4–5 (quoting *United States v. Sampson*, 385 F.3d 183, 191 (2nd Cir. 2004) (internal citation and quotation marks omitted)).

However, "[i]f a defendant seeks severance because he wishes to testify on some counts and not others, he must show that he has important testimony to give on some counts and a strong need to refrain from testifying on those he wants severed." *United States v. Nolan*, 700 F.2d 479, 483 (9th Cir. 1983) (citing *United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980)); *see also United States v. Harris*, 686 Fed. App'x 474, 476 (9th Cir. 2017). Gonzales has not met that burden. He indicates that he may testify regarding the allegations made by Jane Doe 1 and may remain silent as to the allegations made by Jane Doe 2. *See* Dkt. 143 (Ex Parte Sealed Document).[5] Naming testimony that he *may* provide does not establish the importance of such testimony, and "protecting the defendant's right to testify selectively does not constitute a strong reason to refrain from testifying." *Ward v. Schriro*, 148 Fed. App'x 610, 612 (9th Cir. 2005). Thus, Gonzales has not met his burden to warrant severance under his Fifth Amendment and Sixth Amendment theory.

---

[5] The declaration filed includes the caption "Declaration of Counsel in Support of the Defense Reply to Government's Opposition to Motion to Suppress and Dismiss." The substance of the declaration relates to Gonzales's motion to sever, and the Court construes the declaration as in support of this instant motion.

In conclusion, Gonzales has not met his burden to demonstrate clear, manifest, or undue prejudice because of the joinder of Count 4 to the remaining counts. His motion for severance is, therefore, denied without prejudice.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Gonzales's motion to sever counts, Dkt. 70, is **DENIED** and that Gonzales's motion to seal, Dkt 142, and the Government's motion for leave to file overlength briefing, Dkt. 139, are **GRANTED**.

Dated this 8th day of April, 2021.

BENJAMIN H. SETTLE
United States District Judge